UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN M. THOMAS, | ) | CASE NO.  4:10cv2723 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| MAHONING COUNTY JAIL, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* Plaintiff Shawn M. Thomas filed this action under 42 U.S.C. § 1983 against the Mahoning County Jail, and Mahoning County Corrections Officers Denno, Novicky, and Schoolcraft. In the Complaint, Mr. Thomas alleges Defendants used excessive force during a cell extraction and harassed him while he was in their custody. He seeks monetary damages.

## Background

Mr. Thomas was detained in the Mahoning County Jail from April 20, 2008 to December 19, 2008 while awaiting trial on charges of criminal sexual conduct. He claims Officers Denno, Novicky, and Schoolcraft harassed him by threatening him with physical harm, informing other inmates of the nature of his crimes and issuing unfounded conduct reports. He states that during a cell extraction on December 6, 2008, the Defendants punched, kicked, and stomped on him causing him to suffer physical harm and permanent injury.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district

court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, the claims against the Mahoning County Jail are dismissed pursuant to §1915(e).

As an initial matter, the Mahoning County Jail is not a legal entity capable of being sued. Rather, as it is a facility owned and operated by Mahoning County. *See Richardson v. Grady*, Nos. 77381, 77403, 2000 WL 1847588 at *2 (Ohio Ct. App. 2000) (citing *Edmonds v. Dillin*, 485 F. Supp. 722, 724 (N.D. Ohio 1980). Mr. Thomas's claims against the Jail are therefore construed against Mahoning County.

As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). The complaint contains no suggestion of a

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

custom or policy of Mahoning County which may have resulted in the deprivation of Plaintiff's federally protected rights.

### Conclusion

For all the foregoing reasons, Plaintiff's claims against the Mahoning County Jail and against Mahoning County (to the extent that any claims against the Jail are necessarily construed against the county) are dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.[2] This action shall proceed solely on Plaintiff's claims against Defendant Officers Denno, Novicky, and Schoolcraft.  The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the defendants.

**IT IS SO ORDERED**.

Dated: May 11, 2011

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**

---

[2] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.