UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHAWN THOMAS, ) | Case No. 4:10CV2723 |
| ) | |
| Plaintiff, ) | MAGISTRATE JUDGE GEORGE J. |
| ) | LIMBERT |
| v. ) | |
| ) | |
| JOHN DENNO, et al., ) | **MEMORANDUM OPINION AND** |
| ) | **ORDER** |
| ) | |
| Defendants. ) | |

The matter is before the Court on the motion for summary judgment filed on behalf of Defendants, John Denno, Matthew Novicky, and Jeffrey Schoolcraft on November 8, 2011. ECF Dkt. #22. With leave of Court, Plaintiff, Shawn Thomas, acting *pro se,* filed his opposition brief on January 26, 2012. ECF Dkt. #29. Defendants filed a reply brief on February 21, 2012. ECF Dkt. #32. For the following reasons, the motion for summary judgment is granted in part, and this matter is dismissed without prejudice based upon Plaintiff's failure to exhaust administrative remedies.

On December 2, 2010, Plaintiff filed a complaint, asserting a 42 U.S.C. 1983 claim against Defendants Denno, Novicky, and Schoolcraft, two current employees and one former employee of the Mahoning County Jail ("MCJ"), and against MCJ itself. ECF Dkt. #1. On May 11, 2011, this Court recognized that MJC could not be sued, and, insofar as a claim against MCJ must be construed as a claim against the County, the County is not vicariously liable for the actions of its employees. As a consequence, this Court dismissed Plaintiff's claims against MCJ. ECF Dkt. #7.

According to the complaint, on December 6, 2008, Defendants used excessive force during a cell extraction, including punching, kicking, and stomping Plaintiff, which caused him serious physical harm and permanent disfigurement. ECF Dkt. #1, ¶5. Plaintiff also asserts that he continues to suffer irreconcilable social and mental damages, as a result of the

incident. *Id.* In their motion for summary judgment, Defendants argue that Plaintiff did not file a grievance predicated upon the alleged use of excessive force, and, in addition, that the force used was reasonable based upon Plaintiff's behavior and the circumstances surrounding the incident.

Summary judgment should be granted "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c).

This Court must view evidence in the light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir.2008). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir.2008). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases, the Court will decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505.

Upon filing a motion for summary judgment, the moving party has the initial burden of establishing that there are no genuine issues of material fact as to an essential element of the nonmoving party's claim. *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir.2009) (citation omitted); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 & n. 12 (6th Cir.1989). The moving party, however, is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the moving party relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on

file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In response, if the moving party establishes the absence of a genuine issue of material fact, to defeat summary judgment, the non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2); see also *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir.2009) (citation omitted). In this regard, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment"; rather, "Rule 56 allocates that duty to the opponent of the motion, who is required to point out the evidence, albeit evidence that is already in the record, that creates an issue of fact." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 379–80 (6th Cir.2007) (citation omitted); see also *Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir.2008) *833 (citation omitted). Moreover, the non-moving party must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586–87, 106 S.Ct. 1348; see also *Barr v. Lafon*, 538 F.3d 554, 574 (6th Cir.2008).

Accordingly, the ultimate inquiry is whether the record, as a whole, and upon viewing it in the light most favorable to the non-moving party, could lead a rational trier of fact to find in favor of the non-moving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586–87, 106 S.Ct. 1348; see also Anderson, 477 U.S. at 252, 106 S.Ct. 2505 ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict—whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." (emphasis in original) (internal quotations omitted)).

Rule 56 does not impose on this Court the obligation to sift through the record for evidence favorable to the non-moving party. Rather, "Rule 56 allocates that duty to the opponent of the motion, who is required to point out the evidence, albeit evidence that is already in the record, that creates an issue of fact." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 379-80 (6th Cir. 2007);

and citing *Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir. 2008). (Emphasis added). "Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Bruno v. Kline*, No. 4:09CV574, 2001 U.S. Dist. LEXIS 2991 (N.D. Ohio, Jan. 12, 2011) at *9, citing *Celotex*, 477 U.S. at 322. (Emphasis added).

"If the defendant successfully demonstrates, after a reasonable period of discovery, that the plaintiff cannot produce sufficient evidence beyond the bare allegations of the complaint to support an essential element of his or her case, summary judgment is appropriate." *Combs v. Int'l Ins. Co., 354 F.3d 568, 576* (6th Cir.2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), "[p]risoners must exhaust their administrative remedies before challenging prison conditions." *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir.2008). The United States Supreme Court has held that the PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 517 (2002). Furthermore, as the Supreme Court explained in *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), "prisoners must complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.* at 218, 127 S.Ct. 910 (internal citation and quotation marks omitted). The Supreme Court has refused to read a futility exception into the statutory exhaustion requirement. *Booth v. Churner*, 532 U.S. 731, 741, n. 6 (2001).

The MCJ grievance procedure reads, in pertinent part, "A prisoner may file a grievance at any time to bring a problem to staff's attention or to appeal a specific action such as a disciplinary sanction. A prisoner may file a grievance only for himself/herself, although a prisoner may assist another prisoner in filing a grievance." ECF Dkt. #22-3. Plaintiff concedes that no grievance was filed, but argues that he was prevented from filing a grievance by MCJ. In his brief, Plaintiff contends that, upon returning from the hospital on December 6, 2008, he was forced to sign an incident report and then put into the segregation unit, then "within days to maybe a week" he was

-4-

put into suicide watch, and a few days later he was transferred to Lorain Correctional Institute ("LCI").  ECF Dkt. #29, p. 6.  Plaintiff further asserts that he was placed in administrative segregation automatically at LCI due to his high profile case. *Id.*

A district court in the Southern District of Ohio addressed a similar argument in *Young v. Karnes*, 2008 WL 4186227 (S.D. Ohio).  In that case, the district court adopted a report and recommendation that concluded that a prisoner, who was transferred to another prison facility, was not prevented from filing a grievance where the policy at the original prison facility did not have a time limit for filing grievances.  In the report and recommendation, the magistrate judge reasoned:

> . . .to the extent Mr. Young may be attempting to claim that his transfer to the Correctional Reception Center prevented his pursuit of a grievance, there is no evidence to support such a claim here.  The "Grievance Mechanism for Health Complaints" submitted by defendants does not contain a time limit for initiating a grievance.  See Exhibit A-1 to Affidavit of Mark J. Barrett. Moreover, Mr. Young has not alleged, let alone provided evidence of, any time limit. Under these circumstances, presumably Mr. Young could have pursued a grievance despite his transfer. Nothing in the record suggests that Mr. Young would have been prevented from pursuing a grievance by use of the mail or some other delivery method. Significantly, he does not allege that he requested the necessary grievance forms, either prior to or after his transfer, or that any official denied such a request.  See *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 35 (1st Cir.2002)(inmate failed to comply with the PLRA's exhaustion requirement where grievance procedures remained available despite transfer to another facility); *Rodriguez v. Senkowski*, 103 F.Supp.2d 131, 134 (N.D.N.Y.2000)("The mere fact that Plaintiff has been transferred to another prison facility does not necessarily render the exhaustion requirement moot."). See also *Deere v. Grady County Sheriff*, No. CIV-07-82-W, 2007 WL 4463749 at *4 (W.D.Okla. Dec.17, 2007)(failure to exhaust administrative remedies found where plaintiff did not assert he was unable to access the grievance procedure either while in jail or after transfer).  In short, viewing the record in the light most favorable to Mr. Young, it contains no evidence from which the Court could conclude that Mr. Young exhausted his available administrative remedies prior to filing this action.

The same is true in the case *sub judice*.  Here, although Plaintiff provided a sworn declaration in support of his opposition brief, he does not attest that he was prevented from filing a grievance while he was in segregation or on suicide watch.  In other words, there is no evidence that a prisoner at MCJ in segregation or on suicide watch may not file a grievance.  Moreover, Plaintiff cannot contend that he does not have access to the U.S. mail at LCI.  He has represented himself in this matter since the filing of the complaint on December 02, 2010.  Accordingly, the evidence before the Court shows that he has failed to exhaust his administrative remedies in this case.

One additional procedural matter must be addressed. In Plaintiff's declaration, he states that he did not receive any discovery from Defendants as of January 20, 2012, despite sending a request for discovery on October 19, 2011. ECF Dkt. #29, pageID #226. The discovery deadline in this matter was November 28, 2011 and the dispositive motion deadline was December 30, 2011. ECF Dkt. #19. The summary judgment motion currently before the Court was filed on November 8, 2011. Plaintiff's opposition brief was filed on January 26, 2012.

In the reply brief, counsel for Defendants concedes that she did not fulfill Plaintiff's discovery request until February 3, 2012 (after he filed his opposition brief to the summary judgment motion), and that, due to Plaintiff's failure to include an executed medical release form with his request, she did not send his medical records until February 17, 2012. ECF Dkt. #32, p. 2. While the foregoing facts might be a matter for concern if the Court proceeded to the merits of the case, it is irrelevant based upon Plaintiff's admitted failure to exhaust administrative remedies in this case.

For the foregoing reasons, the Court GRANTS IN PART the motion for summary judgment, to the extent that the motion is based upon Plaintiff's failure to exhaust administrative remedies in this case, and this matter is dismissed without prejudice.

IT IS SO ORDERED.

Date: February 27, 2012       */s/George J. Limbert*
                              GEORGE J. LIMBERT
                              UNITED STATES MAGISTRATE JUDGE