UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN THOMAS, | ) | Case No. 4:10CV2723 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE GEORGE J. |
| | ) | LIMBERT |
| v. | ) | |
| | ) | |
| JOHN DENNO, et al., | ) | **MEMORANDUM OPINION AND** |
| | **)** | **ORDER** |
| | ) | |
| Defendants. | ) | |

The matter is before the Court on the motion for leave to reinstate civil case filed by Plaintiff, Shawn M. Thomas, acting *pro se*, on December 18, 2012. ECF Dkt. #43. On January 7, 2013, Defendants, John Denno, Matthew Novicky, and Jeffrey Schoolcraft filed a brief in opposition to the motion. ECF Dkt. #44. Plaintiff filed a reply brief on January 15, 2013. ECF Dkt. #45. For the following reasons, Plaintiff's motion for leave to reinstate civil case is denied.

On December 2, 2010, Plaintiff filed a complaint, asserting a 42 U.S.C. §1983 claim against Defendants Denno, Novicky, and Schoolcraft, two current employees and one former employee of the Mahoning County Jail ("MCJ"), and against MCJ itself. ECF Dkt. #1. On May 11, 2011, this Court recognized that MJC could not be sued, and, insofar as a claim against MCJ must be construed as a claim against the County, the County is not vicariously liable for the actions of its employees. As a consequence, this Court dismissed Plaintiff's claims against MCJ. ECF Dkt. #7.

According to the complaint, on December 6, 2008, Defendants used excessive force during a cell extraction, including punching, kicking, and stomping Plaintiff, which caused him serious physical harm and permanent disfigurement. ECF Dkt. #1, ¶5. Plaintiff further asserted that he continues to suffer irreconcilable social and mental damages, as a result of the incident. *Id.* However, on February 27, 2012, this Court dismissed the case without prejudice based upon Plaintiff's failure to exhaust his administrative remedies. ECF Dkt. ##33, 34.

Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), "[p]risoners must exhaust their administrative remedies before challenging prison conditions." *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir.2008). The United States Supreme Court has held that the PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 517 (2002). Furthermore, as the Supreme Court explained in *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), "prisoners must complete the administrative review process in accordance with the applicable procedural rules – rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.* at 218, 127 S.Ct. 910 (internal citation and quotation marks omitted).

In his motion, Plaintiff asserts that he has now exhausted his administrative remedies, and, as a consequence, this case should be reinstated. Defendants counter that Plaintiff's efforts to exhaust his administrative remedies have failed, because his internal complaint did not comply with the Mahoning County Sheriff's Office grievance procedure. More specifically, Defendants contend that Plaintiff's internal complaint alleges multiple incidents occurring over a three year period, however, the grievance procedure limits the claims to one incident per complaint. Defendants further argue that Plaintiff's motion for leave should be construed as a motion to amend his complaint, and should be denied pursuant to the Sixth Circuit's holding in *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir.2002).

In *Gunther v. Ohio Dept. Of Corrections*, 198 F.3d 245 (6th Cir. 1999)(unreported), the Sixth Circuit affirmed the decision of a district court that denied a motion to reopen a case filed pursuant to the PLRA, which had been dismissed without prejudice for failure to exhaust administrative remedies. The Sixth Circuit opined that the plaintiff's post-judgment "motion to reopen" was properly deemed filed under Fed.R.Civ.P. 60(b). The Sixth Circuit further opined that the district court's denial of the motion to reopen did not constitute an abuse of discretion because "[the plaintiff's option was to file a new lawsuit, not reopen [the dismissed] lawsuit, as he failed to exhaust his administrative remedies *prior* to filing [the dismissed] action." *Gunther* at *1, citing 42 U.S.C. §1997e(a)(emphasis in original).

-2-

The same is true in the case *sub judice*. Rule 60(b) establishes that, upon motion, "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding" for six specific reasons. Fed.R.Civ.P. 60(b). These reasons include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

In the Sixth Circuit, relief from judgment under Rule 60(b) (6) – the catch-all provision – is available "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir.1990) (citations omitted). Under Rule 60(c)(1), "a motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

Plaintiff's failure to exhaust his administrative remedies prior to filing the above-captioned case does not constitute any of the grounds listed in Rule 60(b). Moreover, as the Sixth Circuit observed in *Gunther*, *supra,* "[P]laintiff's option [is] to file a new lawsuit." *Id.* at *1. Accordingly, Plaintiff's  motion for leave to reinstate civil case, ECF Dkt. #42, is **DENIED**.

IT IS SO ORDERED.

Date: February 12, 2013                    */s/George J. Limbert*
                                            GEORGE J. LIMBERT
                                            UNITED STATES MAGISTRATE JUDGE